IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENYA GAYLES,

    Petitioner,           No. CIV S-10-0150 FCD DAD P

   vs.

GARY SWARTHOUT, Warden,

    Respondent.       FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner raises a due process challenge to former Governor Arnold Schwarzenegger's March 17, 2009 reversal of the October 24, 2008 decision by the California Board of Parole Hearings ("Board") to grant him parole.  The matter has been fully briefed by the parties and is submitted for decision.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I. Procedural Background

        Petitioner is confined pursuant to a 1986 judgment of conviction entered against him in the Los Angeles County Superior Court following his conviction on charges of second

/////

1

degree murder with use of a firearm.  Pursuant to that conviction, petitioner was sentenced to seventeen years to life in state prison.  (Doc. No. 1 at 1.)[1]

On October 24, 2008, the Board conducted a parole suitability hearing to determine whether petitioner should be granted a parole date.  (Doc. No. 3 at 21.)  Petitioner appeared at and participated in this hearing.  (Id. at 23, et seq.)  At the conclusion of the hearing, the Board panel announced their decision to grant parole to petitioner and the reasons for that decision.  (Id. at 119-30.)  However, on March 17, 2009, the Governor reversed the Board's decision.  (Id. at 187-89.)

Petitioner challenged the Governor's reversal in a petition for writ of habeas corpus filed in the Los Angeles County Superior Court.  (Answer, Ex. 1.)  That petition was denied in a reasoned decision on August 17, 2009.  (Answer, Ex. 2)  Subsequently, petitioner challenged the Governor's decision to deny him parole in a petition for writ of habeas corpus filed in the California Court of Appeal for the Second Appellate District.  (Answer, Ex. 3.)  That petition was denied by that court with citations to In re Lawrence, 44 Cal.4th 1181 (2008), In re Shaputis, 44 Cal.4th 1241 (2008), In re Dannenberg, 34 Cal.4th 1061 (2005) and In re Rosenkrantz, 29 Cal.4th 616 (2002).  (Answer, Ex. 4.)  Petitioner then filed a petition for review, dated October 22, 2009, in the California Supreme Court.  (Answer, Ex. 5.)  After requesting and receiving an answer to the petition from the Governor, the California Supreme Court summarily denied that petition on December 23, 2009. (Answer, Ex. 6.)

Petitioner then filed his federal application for habeas relief in this court.  Therein, petitioner contends that the Governor's 2009 reversal of the Board's decision to grant him parole violated his right to due process because the Governor's decision  was not supported by "some evidence" that petitioner posed a current danger to society if released from prison, as required under California law.  (Doc. No. 1 at 6-14; Doc. 2.)

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

II.  <u>Scope of Review Applicable to Due Process Challenges to the Denial of Parole</u>

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005).  <u>See</u> also <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest.  <u>Greenholtz</u>, 442 U.S. at 12.  <u>See</u> also <u>Allen</u>, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause.  <u>Pirtle v. California Bd. of Prison Terms</u>, 611 F.3d 1015, 1020 (9th Cir. 2010); <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (9th Cir. 2002); <u>see</u> also <u>Swarthout v. Cooke</u>, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); <u>Pearson v. Muntz</u>, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[<u>Swarthout v.</u>] <u>Cooke</u> did not disturb our precedent that California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current

3

dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.[2] See also Pearson, 2011 WL 1238007, at *4.

III. Petitioner's Claims

Petitioner seeks federal habeas relief on the grounds that the Governor's 2009 reversal of the Board's 2008 decision to grant him parole, and the findings upon which that reversal was based, were not supported by "some evidence" as required under California law.

---

[2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

4

1  However, under the Supreme Court's decision in Swarthout this court may not review whether
2  California's "some evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at
3  862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011
4  WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke
5  that in the context of parole eligibility decisions the due process right is *procedural*, and entitles
6  a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's
7  decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011)
8  (under the decision in Swarthout, California's parole scheme creates no substantive due process
9  rights and any procedural due process requirement is met as long as the state provides an inmate
10  seeking parole with an opportunity to be heard and a statement of the reasons why parole was
11  denied); Pearson, 2011 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not
12  define the minimum process required by the Due Process Clause for denial parole under the
13  California system, it made clear that the Clause's requirements were satisfied where the inmates
14  'were allowed to speak at their parole hearings and to contest the evidence against them, were
15  afforded access to their records in advance, and were notified as to the reasons why parole was
16  denied.'")

17       The federal habeas petition pending before the court in this case reflects that
18  petitioner was represented by counsel at the 2008 parole suitability hearing at which he was
19  granted parole.  (Doc. No. 3 at 24.)  As noted above, the record also establishes that at that
20  hearing petitioner was given the opportunity to be heard and received a statement of the reasons
21  for the Board's suitability decision.  Petitioner then received a document from the Governor's
22  office which explained the reasons for the Governor's reversal of the Board's 2008 decision.  (Id.
23  at 187-89.)  That is all the process that was due petitioner under the Constitution.  Swarthout, 131
24  S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts,2011 WL 1365811, at *3; Pearson,
25  2011 WL 1238007, at *3.  This is true even though petitioner is challenging the Governor's
26  reversal of a Board panel's grant of parole, and not a decision by the Board.  Swarthout, 131 S.

Ct. at 860-61.  It now plainly appears that petitioner is not entitled to relief with respect to his due process claims.  Accordingly, the pending petition should be denied.

IV.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board), abrogated on other grounds in Swarthout v. Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: June 2, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
gayles250.hc